TWEEL & Co. *v*. UNITED STATES (No. 1942).[1]

PARAGRAPH I OF SECTION 3, TARIFF ACT OF 1913—ENTERED HIGHER THAN MARKET VALUE.

Where, in the entry, two separate additions were made to the invoice value "to make market value," while, in the certificate provided by the Treasury Department for claiming assessments of duty on less than the entered value in accordance with the concluding sentence of paragraph I of section 3, tariff act of 1913, only one of these sums was claimed to be added to "meet advances by appraiser in similar cases," the direction of the Secretary of the Treasury, upon final appraisement at the invoice value that duty be assessed on the entered value, less the sum so claimed in the certificate and not upon the invoice value or the entered value, less both sums, was correct.

United States Court of Customs Appeals, February 25, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42582.

[Affirmed.]

*Brooks & Brooks* (*Frederick W. Brooks, jr.*, of counsel) for appellants.
*Bert Hanson*, Assistant Attorney General (*John J. Mulvaney*, special attorney, of counsel), for the United States.

---

[1] T. D. 37944 (36 Treas. Dec., 217).

[Oral argument Jan. 8, 1919, by Mr. Brooks, jr., and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph I of section 3 of the tariff act of October, 1913, among other things, provides that an importer may when entering merchandise make such addition in the entry to the cost or value given in the invoice which he shall produce with his entry as in his opinion may raise the same to the actual market value or wholesale price, and that in case of undervaluation additional duties shall be assessed. The concluding sentence of the paragraph reads as follows:

> The duty shall not, however, be assessed in any case upon an amount less than the entered value, unless by direction of the Secretary of the Treasury in cases in which the importer certifies at the time of entry that the entered value is higher than the foreign market value and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement, and the importer's contention shall subsequently be sustained by a final decision on reappraisement, and it shall appear that the action of the importer on entry was taken in good faith, after due diligence and inquiry on his part, and the Secretary of the Treasury shall accompany his directions with a statement of his conclusions and his reasons therefor.

In T. D. 34806, promulgated by the Treasury Department October 25, 1914, after quoting the above sentence, the Treasury Department in its directions to collectors of customs and others said:

> The certificates of importers under this provision have in many instances not been in accordance with the said provision of law, and in many others it has been impossible to determine what was the importer's contention. Further, in many cases due diligence and inquiry on the part of the importer has not been shown.
>
> In order that there may be a greater uniformity and compliance with the law in cases of this character, an importer making addition on entry under the above provision should make his certificate at the time of entry in substantially the following form: * * *.

A caption and form of the required certificate is then inserted for use in such cases, which is identical with that used by the importer here and hereinafter inserted. Following this form the regulation provides:

> In making application to the department for a reduction of the entered value under the said provision of paragraph I of section 3 of the tariff act, the importer should state specifically the nature of the diligence exercised and the inquiry made on his part prior to making his advance on entry, and state from whom and what information was obtained as a result thereof. Such application should be submitted through the collector of customs at the port of entry, who will transmit the same to the department with a full report thereon.
>
> A strict compliance with the above will facilitate action by the department on applications under the above provision of law.

A large number of entries were made by the importers in this case, but this appeal involves only one, No. 33118, which covered 14 cases of goods.

The right-hand column of the entry paper, the amounts entered therein, with the explanatory written words opposite the same, are as follows:

|  | Total. |
|---|---|
|  | 14635. 255 |
|  | 251. 440 |
|  | 14383. 815 |
| Add to make market value | 850. 935 |
|  | 15234. 750 |
| Add to make market value | 1354. 206 |
|  | 16588. 956 |

Just to the left, and apparently made with a rubber stamp, placed nearly at right angles to the entries, appears the following notation:

The entered value of the merchandise on this entry is higher than the foreign market value, and the goods are so entered in order to meet advances by the appraiser in similar cases now pending on appeal for reappraisement; and we claim that duty shall be assessed on the original invoice value on liquidation of the entry under paragraph I of section 3, tariff act of October 3, 1913.

Inspection of the invoice which accompanied the entry and which comprises some 32 pages, shows it to be footed at 14355.815; to which are added for 14 cases, 28.000; totaling 14383.815. To this total are added certain items marked N. D., aggregating 251.440, making a total of 14635.255.

This is the amount of the first item in the above entry.

The second is the N. D. items which are deducted on the entry as appears above.

It is agreed that the figures expressing value in this case represent milreis.

To the invoice is pinned a certificate, which we quote, omitting the specific numbers of pending entries therein given.

I, L. Tweel & Co., hereby certify that the entered value of the merchandise mentioned below is higher than the foreign market value, and that the goods are so entered in order to meet advances by the appraiser in similar cases now pending on appeal for reappraisement. The similar cases now pending are entries Nos. * * *. I contend that duty should be assessed on the basis of the value shown below as the foreign market value.

| Items. | Invoice value. | Add to make foreign market value. | Deduct to make foreign market value. | Foreign market value. | Add to meet advances by appraiser in similar cases. | Entered value. |
|---|---|---|---|---|---|---|
| All items except Azores embroideries. | As invoiced. |  |  | As invoiced. | 10 per cent to invoice value of 13064.026= to 1306.402. | 15738.015 |
| Azores embroideries. | As invoiced. |  |  | As invoiced. | 3.7 per cent to 1291.789= 47.80; 1354.206. |  |

L. TWEEL & Co., *Importer.*

It will be observed that this certificate regards the value of all the merchandise, except the Azores embroideries, as 13064.026, and values the latter at 1291.789, amounting to 14355.815. This it will be noted is the aggregate value of the goods as stated in the invoice, not including the 14 cases. Upon the invoice the Azores embroideries are separately entered, but not separately footed, although the value placed thereon in the invoice is not difficult of ascertainment.

The sum of 15738.05 entered in the certificate in the column entitled "Entered value" may be obtained by deducting the 850.935 milreis from the value carried out under "total" in the above quoted entry paper.

Upon a slip of paper bearing the entry number, but with no other filing, and prefixed to a certificate as to the value of currency, which in turn is prefixed to the invoice, is the following memorandum:

Add to make market value on all items except Azores embroideries, 6⅔ per cent to invoice value of 13064.026=Esc. 850.93.

The Government claims this memorandum was filed by the importers. That it was filed by them is not denied.

The merchandise was appraised at the total entered value given in the entry paper, and as in duty bound in order to make good its claim, and pave the way for an assessment upon a less amount, the importers appealed to reappraisement.

The appellate single general appraiser sustained the invoice value, the collector appealed to rereappraisement, and the judgment of the reappraisement board was "Invoice value sustained."

After the final action of the reappraisement board, the importers made application to the collector of customs for assessment of duty on less than the entered value of the merchandise. The collector transmitted this to the Secretary of the Treasury. What was set forth in this application does not appear. The relevant parts of the reply letter of the Treasury Department to the collector are as follows:

An examination of the papers pertaining to the entries shows that the importers complied in all respects with the requirements of the statute, and that on final reappraisement values were returned which were the same as or below the values claimed in numerous instances, above those claimed in other cases, and above the entered values in a few instances. The department is therefore of the opinion that the importers are entitled to a reduction of the entered values in all cases where the reappraised values were the same as or below those claimed, and allows or denies the applications on the various entries as indicated below.

On entries Nos. 33118 * * *, the importers claimed the invoice values on some of the items and advances over the invoice values on other of the items as representing the foreign market values. The invoice values were sustained on all items advanced, and the 8 entries should therefore be liquidated on the basis of the values claimed.

Thereupon the collector reliquidated, taking duty upon the entered value, less 1354.206 milreis, assuming that the 850.935 milreis were

added to the invoice to make market value. The importers then protested, claiming—

The liquidation of the entry is illegal and void. Duty should have been assessed on the final reappraised value, which sustained the invoice value, which was the value claimed by importers in certificate filed at the time of entry under the provisions of paragraph I of section 3, act of 1913, as all the requirements of the statute have been complied with. The duty assessed upon the amount of 850.93 or any other amount in excess of the invoice value should be refunded, whether or not instructions of the Secretary of the Treasury may or may not be to the contrary.

The Board of General Appraisers overruled the protest.

It is apparent that this case is to be determined upon the papers, and the only question is whether duty upon final reliquidation should have been taken upon the 850.93 milreis.

The statute provides that duty shall not be assessed in any case upon an amount less than the entered value, unless by direction of the Secretary of the Treasury, etc.

No question is made here that the importers have not complied with the statutory conditions, or that their contention has not been sustained.

The real issue is, What was the importers' contention when the goods were entered? Did the importers intend, as claimed by the Government, to add the 850.93 milreis to the invoice value to make market value, or did they intend that, as well as the 10 per cent addition, to meet advances of appraisers in similar cases? In this connection it is noted that the 850.93 milreis is not $6\frac{2}{3}$ per cent of the invoice value of the goods excluding the Azores embroideries, but as nothing is claimed for this error it is not considered by us.

While such a conclusion involves an assessment of duty upon more than the invoice value of the goods, which latter value has been sustained by the reappraisement board, we think, nevertheless, it should be held that the importers' contention set forth in the papers at the *time of entry* was that the 1306.402 milreis was the only addition made to meet the appraiser's advances in similar cases.

The importers saw fit, and properly, to employ the blank which the Treasury Department had provided for these cases. Therein it was explicitly stated that the 10 per cent addition to the goods was to meet such advances, and we think the customs officials were justified in regarding the papers as limiting said claim to that item only.

So far as the entry paper is concerned, the written portion explicitly states that both items were added to make market values if the abbreviation "m v" be given a natural signification, and we doubt if it should be held that this was controlled by the rubber-stamp notation indorsed thereon. Upon the blank form it was easy for the importers to have stated what is now claimed with reference to the $6\frac{2}{3}$ per cent addition. It is true that under the column designed to show the foreign market value "as invoiced"

was entered, and that under the column designed to show additions to market value nothing was inserted, but if the collector had turned to the memoranda prefixed to the invoice he would there have found the importers' declaration that the 6⅔ per cent was added to make *market value*. This statement, considered with the one in the certificate that the 10 per cent was added to meet advances in other similar cases, we think indicates that the contention of the importers at the time of entry was that the latter amount only was added to meet such advances.

The fact that the invoice value was finally sustained on reappraisement, of course, opened the door to the importers to present the claim made here, but that decision was not conclusive upon what was the *entered value*.

The importers may have believed the market value to be greater than the invoice and have added the 6⅔ per cent to avoid the penalty of undervaluation on entry.

The fact that there were two additions, one of 6⅔ per cent and the other of 10 per cent, with no satisfactory explanation, and there is none here, as to why two additions were made instead of one, of itself strongly suggests that at the time of entry they were made for two different reasons—the first to make market value, the second to meet appraisers' advances in similar pending cases.

The judgment of the Board of General Appraisers is *affirmed*.